PHILLIP A. TALBERT
United States Attorney
ROSS K. NAUGHTON
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

**FILED**

JUL 2 0 2017

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

Attorneys for Plaintiff
United States of America

## IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>MARK W. KAISER,<br><br>            Defendant. | CASE NO. 2:16-CR-00054-TLN<br><br>PLEA AGREEMENT<br><br>DATE: July 20, 2017<br>TIME: 9:30 a.m.<br>COURT: Hon. Troy L. Nunley |

## I.   INTRODUCTION

### A.   Scope of Agreement

The indictment in this case charges the defendant with five violations of 21 U.S.C. § 841(a)(1), Distribution of Methamphetamine. This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

### B.   Court Not a Party

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities that may not have been charged in the indictment.

1    The Court is under no obligation to accept any recommendations made by the government, and the Court
2    may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum
3    stated in this plea agreement.

4         If the Court should impose any sentence up to the maximum established by the statute, the
5    defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of
6    the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense
7    counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

8                    **II.**      **DEFENDANT'S OBLIGATIONS**

9      **A.**     **Guilty Plea**

10        The defendant will plead guilty to Count Four of the indictment. The defendant agrees that he is
11   in fact guilty of this charge and that the facts set forth in the Factual Basis For Plea attached hereto as
12   Exhibit A are accurate.

13        The defendant agrees that this plea agreement will be filed with the Court and become a part of
14   the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his
15   plea should the Court not follow the government's sentencing recommendations.

16        The defendant agrees that the statements made by him in signing this Agreement, including the
17   factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by
18   the United States in any criminal or civil proceeding, even if the defendant fails to enter a guilty plea
19   pursuant to this Agreement. The defendant waives any rights under Rule 11(f) of the Federal Rules of
20   Criminal Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that these rules are
21   inconsistent with this paragraph or with this Agreement generally.

22      **B.**     **Sentencing Recommendation**

23        The defendant and his counsel may recommend whatever sentence they deem appropriate.

24      **C.**     **Special Assessment**

25        The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering
26   a check or money order payable to the United States District Court to the United States Probation Office
27   immediately before the sentencing hearing. If the defendant is unable to pay the special assessment at the
28   time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the

1  Inmate Financial Responsibility Program.

2  ### D.   Defendant's Violation of Plea Agreement or Withdrawal of Plea

3  If the defendant, violates this plea agreement in any way, withdraws his plea, or tries to withdraw
4  his plea, this plea agreement is voidable at the option of the government. The government will no longer
5  be bound by its representations to the defendant concerning the limits on criminal prosecution and
6  sentencing as set forth herein. One way a defendant violates the plea agreement is to commit any crime
7  or provide any statement or testimony which proves to be knowingly false, misleading, or materially
8  incomplete. Any post-plea conduct by a defendant constituting obstruction of justice will also be a
9  violation of the agreement. The determination whether the defendant has violated the plea agreement
10  shall be decided under a probable cause standard.

11  If the defendant violates the plea agreement, withdraws his plea, or tries to withdraw his plea, the
12  government shall have the right: (1) to prosecute the defendant on any of the counts to which he pleaded
13  guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file
14  any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter
15  be subject to prosecution for any federal criminal violation of which the government has knowledge,
16  including perjury, false statements, and obstruction of justice. The decision to pursue any or all of these
17  options is solely in the discretion of the United States Attorney's Office.

18  By signing this plea agreement, the defendant agrees to waive any objections, motions, and
19  defenses that the defendant might have to the government's decision to exercise the options stated in the
20  previous paragraph. Any prosecutions that are not time-barred by the applicable statute of limitations as
21  of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding
22  the expiration of the statute of limitations between the signing of this plea agreement and the
23  commencement of any such prosecutions. The defendant agrees not to raise any objections based on the
24  passage of time with respect to such counts including, but not limited to, any statutes of limitation or any
25  objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any
26  counts that were not time-barred as of the date of this plea agreement.

27  In addition: (1) all statements made by the defendant to the government or other designated law
28  enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether

1  before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative

2  proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the

3  United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410

4  of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before

5  or after this plea agreement, or any leads derived therefrom, should be suppressed.  By signing this plea

6  agreement, the defendant waives any and all rights in the foregoing respects.

### III.    THE GOVERNMENT'S OBLIGATIONS

**A.    Dismissals**

The government agrees to move, at the time of sentencing, to dismiss without prejudice the remaining counts in the pending indictment.  The government also agrees not to reinstate any dismissed count except if this agreement is voided as set forth herein, or as provided in II.D (Defendant's Violation of Plea Agreement), VI.B (Guidelines Calculations), and VII.B (Waiver of Appeal) herein.

**B.    Recommendations**

**1.    Incarceration Range**

Provided the defendant (1) does not violate this agreement as set forth in II.D (Defendant's Violation of Plea Agreement), and (2) does not engage in conduct that violates any term of his release conditions prior to sentencing, the government will recommend that the defendant be sentenced to no more than 63 months of imprisonment.  The government may recommend whatever it deems appropriate as to all other aspects of sentencing.

**2.    Acceptance of responsibility**

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of defendant's offense level if he clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1.  This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

C.    **Use of Information for Sentencing**

The government is free to provide full and accurate information to the Court and the United States Probation Office ("Probation"), including answering any inquiries made by the Court and/or Probation, and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court.    The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

## IV.    ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty:

As to Count Four, which charges a violation of 21 U.S.C. § 841(a)(1), Distribution of Methamphetamine:

1.    The defendant knowingly distributed methamphetamine; and

2.    The defendant knew that it was methamphetamine or some other prohibited drug.

The defendant fully understands the nature and elements of the crimes charged in the indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V.    MAXIMUM SENTENCE

A.    **Maximum penalty**

The maximum sentence that the Court can impose is twenty years of incarceration, a fine of $1,000,000, a term of supervised release to last at least three years and up to life, and a special assessment of $100.    In addition, the defendant may be ineligible for certain federal and/or state assistance and/or benefits, pursuant to 21 U.S.C. § 862.

B.    **Violations of Supervised Release**

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to two years of additional imprisonment.

## VI.    SENTENCING DETERMINATION

A.    **Statutory Authority**

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must

1   take them into account when determining a final sentence.  The defendant understands that the Court will
2   determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing
3   Guidelines and must take them into account when determining a final sentence.  The defendant further
4   understands that the Court will consider whether there is a basis for departure from the guideline
5   sentencing range (either above or below the guideline sentencing range) because there exists an
6   aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration
7   by the Sentencing Commission in formulating the Guidelines.  The defendant further understands that the
8   Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is
9   reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

### B.   Guideline Calculations

What follows is the government's present best estimate of the sentencing guidelines variables.
These estimates shall not be binding on the Court, the Probation Office, or the parties:

Count Four:

| | | |
|---|---|---|
| Base Offense Level: | 34 | (2D1.1(a)(5) & (c)(3)) (500g-1.5 kg meth actual) |
| Spec. Off. Characteristics: | -2 | (2D1.1(b)(17) & 5C1.2(a)) (Ch. 2 "safety valve") |
| Acceptance of Responsibility: | -3 | (3E1.1(a) & -(b)) |
| Total Offense Level: | 29 | |
| Criminal History Category: | I | (0 points) |
| **SENTENCING RANGE:** | **87-108 months** | |

### VII.   WAIVERS

### A.   Waiver of Constitutional Rights

The defendant understands that by pleading guilty he is waiving the following constitutional rights:
(a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted
at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on his
behalf; (e) to confront and cross-examine witnesses against him; and (f) not to be compelled to incriminate
himself.

### B.   Waiver of Appeal and Collateral Attack

The defendant understands that the law gives the defendant a right to appeal his guilty plea,

conviction, and sentence.  The defendant agrees as part of his plea/pleas, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case, except that the defendant may appeal the sentence imposed if that sentence exceeds 108 months.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case.  The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the agreement in paragraph III.A (Dismissals) above that the government will move to dismiss counts against the defendant, if the defendant ever attempts to vacate his plea, dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in paragraph II.D (Defendant's Violation of Plea Agreement) herein.

## VIII.    ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

*[End of page.]*

1

## IX.    APPROVALS AND SIGNATURES

2    **A.    Defense Counsel**

3          I have read this plea agreement and have discussed it fully with my client. The plea agreement

4    accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to

5    plead guilty as set forth in this plea agreement.

6
     Dated:  7/20/17
7                                                              SEAN C. RIORDAN
                                                              Counsel for Defendant
8

9    **B.    Defendant**

10         I have read this plea agreement and carefully reviewed every part of it with my attorney. I

11   understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand

12   my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other

13   promises or inducements have been made to me, other than those contained in this plea agreement. In

14   addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am

15   satisfied with the representation of my attorney in this case.

16
     Dated:   7/20/17
17                                                            MARK W. KAISER, Defendant

18

19   **C.    Attorney for the United States**

20         I accept and agree to this plea agreement on behalf of the government.

     Dated: ~~May 15, 2017~~
21           7/20/2017                                        PHILLIP A. TALBERT
                                                             United States Attorney
22

23                                                           By:
                                                             For   ~~ROSS K. NAUGHTON~~
24                                                           Assistant United States Attorney

25

26

27

28

PLEA AGREEMENT:                               8
MARK W. KAISER

**EXHIBIT "A"**
**Factual Basis for Plea**

If this matter proceeded to trial, the United States would establish the following facts, among others, beyond a reasonable doubt:

On December 15, 2011, in the Eastern District of California, the Defendant, MARK W. KAISER, knowingly distributed methamphetamine to an undercover Special Agent of the Drug Enforcement Administration ("the DEA UC"). Specifically, on that day, Defendant KAISER met with the DEA UC in a gas station parking lot in Lodi, at the intersection of Highway 12 and Highway 99, and sold to the DEA UC approximately nine ounces of methamphetamine for 8,000 USD. The methamphetamine was 99.9% pure, so the total quantity of actual methamphetamine was 248.2 grams. The meeting had been arranged over several days of telephone calls and text messages between Defendant KAISER and the DEA UC. Most of these calls and text messages were recorded.

Defendant KAISER sold methamphetamine to the same DEA UC on four other occasions, summarized below:

1. May 17, 2011: 55.7 grams of 100% pure methamphetamine for 2,000 USD.
2. June 6, 2011: 106.6 grams of 99.7% pure methamphetamine (106.3 grams of actual methamphetamine) for 3,700 USD.
3. July 20, 2011: 109.9 grams of 89.4% pure methamphetamine (98.2 grams of actual methamphetamine) for 3,600 USD.
4. September 18, 2012: 224 grams of 98.7% pure methamphetamine (200.9 grams of actual methamphetamine) for 7,200 USD.

\* \* \*

I, MARK W. KAISER, have read and have understood this factual basis. Being fully informed of my rights, I adopt it as my own true statement.

Dated: ___7/20/17___          _____
                              MARK W. KAISER, Defendant

PLEA AGREEMENT FACTUAL BASIS:                A-1
MARK W. KAISER